IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-CR-4-WKW |
| | ) | [WO] |
| QUINCY B. JONES | ) | |

## **ORDER**

Before the court is Defendant Quincy B. Jones's *pro se* motion for resentencing based upon the Supreme Court of the United States's recent decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022). (Doc. # 393.) The motion is due to be denied.

Mr. Jones was convicted on his guilty plea to conspiring to possess with intent to distribute cocaine base and cocaine hydrochloride. (*See* Doc. # 317 (Judgment); Doc. # 319 (Presentence Investigation Report).) On November 1, 2012, Mr. Jones was sentenced to 200 months' imprisonment, to run concurrently with his 120-month sentence on his conviction in 1:11-CR-004 for using a telephone with the intent to commit murder-for-hire, in violation of 18 U.S.C. § 1958(a). *See United States v. Jones*, 1:11-CR-004-WKW (M.D. Ala.), ECF No. 16 (Judgment). Mr. Jones's projected release date is July 18, 2025. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 4, 2022).

"[C]ourts are generally forbidden from altering a sentence once it becomes final." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). Exceptions to this general prohibition lie "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). Mr. Jones has not demonstrated that an exception lies for resentencing.

Mr. Jones's reliance on *Concepcion* is misplaced. In *Concepcion*, the Supreme Court held that the First Step Act of 2018 "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. at 2404. The *Concepcion* decision does not change the scope of the First Step Act. Rather, it instructs district courts how to analyze resentencing motions when the First Step Act does apply. Mr. Jones's motion lacks merit because he is not eligible for resentencing under Section 404(b) of the First Step Act.

Section 404(b) of the First Step Act retroactively applies the Fair Sentencing Act of 2010's reduced statutory penalties for covered cocaine-base offenses. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018); Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Mr. Jones was sentenced in November 2012, which is after the effective date of the Fair Sentencing Act. Because Mr. Jones was sentenced after the effective date of the Fair Sentencing Act, § 404(b) of the First Step Act does not provide him any relief. In other words,

Mr. Jones already received any benefits of the Fair Sentencing Act of 2010's reduced penalties for crack cocaine offenses, and his presentence investigation report confirms that he was sentenced under the Fair Sentencing Act's reduced penalties. *See, e.g., United States v. Hatcher*, 825 F. App'x. 674, 676 (11th Cir. 2020) (affirming the district court's denial of a First Step Act motion because the defendant, who had been sentenced in 2012, had already received the benefit of the Fair Sentencing Act). Accordingly, Mr. Jones is not eligible for a sentence reduction under § 404(b) of the First Step Act, and the Supreme Court's decision in *Concepcion* does not help him.

For the foregoing reasons, Mr. Jones's motion for resentencing (Doc. # 393) is DENIED.

It is further ORDERED that Mr. Jones's motion for appointment of counsel (Doc. # 393) is DENIED.

DONE this 5th day of August, 2022.

                                              /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE